HELENE N. WHITE, Circuit Judge
(dissenting).
Because the ALJ failed to provide good reasons for rejecting the opinion of Payne’s treating physician, I respectfully dissent.
When making an assessment of the medical evidence supporting a claim for disability benefits, the ALJ is bound by the so-called “treating physician rule.” Blakley v. Comm’r of Soc. Sec., 581 F.3d 399, 406 (6th Cir.2009). An ALJ will give a treating physician’s opinion “controlling weight” if it “is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.” 20 C.F.R. § 404.1527(d)(2). If a treating physician’s opinion is not given controlling weight, the ALJ must still consider a variety of factors in determining what weight, if any, to accord the opinion. These include the length of the treatment relationship and frequency of examination, the physician’s knowledge about the impairment(s), the amount of *120 supporting evidence for the physician’s opinion, the extent to which the opinion is consistent with the record as a whole, whether the physician is a specialist, and any other relevant factor. 20 C.F.R. § 404.1527(d)(2)-(6). Further, Social Security Ruling 96-2p states that the regulations “require[ ] that the adjudicator will always give good reasons in the notice ... for the weight given to a treating source’s medical opinion(s).” SSR 96-2p, 1996 WL 374188, at *5 (July 2,1996).
In the instant case, there is no dispute that Dr. Tan was a treating physician. The majority concludes that Dr. Tan’s opinion with regard to Payne’s ability to work is not a medical opinion, and that his treatment notes are not in conflict with the ALJ’s mental RFC determination. I believe that this takes Dr. Tan’s treatment notes out of context, and minimizes their findings. Dictated one day after his letter stating that Payne was unable to work, the notes indicate that Payne was moderately limited due to her depression. In addition to this moderate limitation, however, Dr. Tan noted that Payne had “significant anxiety and panic attacks” and an “inability to concentrate and relate to others.” He also noted that her “concentration and persistence” were “not good.” This is significantly more severe than the limitations described by the ALJ, who determined that Payne could perform “routine, repetitive, object-oriented tasks with only occasional interactions with supervisors, coworkers and the general public” in a “limited to a low-stress work environment.” And, although the ALJ did accept that Payne suffered from depression and anxiety, her conclusions were not consistent with Dr. Tan’s. The ALJ found that Payne’s mental limitations were “mild to moderate at best.” Dr. Tan’s opinion was that Payne was unable to concentrate or relate to others, not that she had limitations surrounding those abilities. Further, it appears that the ALJ completely rejected Dr. Tan’s opinion. The only evaluation of Dr. Tan’s opinion stated that the ALJ “rejects Dr. Tan’s opinion that the claimant is unable to work.” The ALJ decision gives several reasons why it rejected Dr. Tan’s opinion, but never states how, if at all, it considered his opinion with regard to Payne’s mental limitations.
Having rejected Dr. Tan’s opinion, the ALJ was required to give “good reasons” for the weight she placed on his opinion. In addition to the fact that the ALJ did not state how much weight Dr. Tan’s opinion was accorded, the ALJ did not refer to or consider the factors set forth in 20 C.F.R. § 404.1527(d)(2)-(6) to determine how much weight should be given.[4] We have held that where an ALJ fails to provide the required “good reasons” for the weight given to a treating source opinion, a remand is appropriate, even if “substantial evidence otherwise supports the decision of the Commissioner.” Wilson v. Comm’r of Soc. Sec., 378 F.3d 541, 545 (6th Cir. 2004) (citing Snell v. Apfel, 177 F.3d 128, *121 134 (2d Cir.1999), for the proposition that courts should “continue remanding when we encounter opinions from ALJ’s [sic] that do not comprehensively set forth the reasons for the weight assigned to a treating physician’s opinion.”). In the instant case, the ALJ did not state the weight given to Dr. Tan’s opinion, nor give good reasons for apparently according it no weight at all.
In Wilson we recognized that certain violations of the procedural requirement of 20 C.F.R. § 404.1527(d) could be harmless, including where: a treating physician’s opinion is “patently deficient;” the Commissioner makes findings consistent with the physician’s opinion; or the goals of the Section are met, i.e., “the provision of the procedural safeguard of reasons.” Wilson, 378 F.3d at 547. None of these remediat-ing elements are present here.
Dr. Tan’s opinion is certainly not patently deficient. Every mental health provider who has treated Payne but one has diagnosed severe, recurrent, major depression. The one treater who failed to make such a diagnosis, Dr. Eggerman, relied on Payne’s incorrect subjective account of her medical history. Most significantly, Dr. Eggerman noted that Payne reported that “she’s never attempted suicide.” This is plainly contradicted by undisputed medical records. See, e.g., AR 324-26, University Hospital Consultation Form, 8/01/18 (listing the reason for consult as “suicide attempt”). Drs. Spadafora and Kadle’s assessments, in contrast, found significant mental illness and both noted continuing suicidal ideation. While their evaluations differ slightly in degree from Dr. Tan’s, they do not suggest that his opinion is patently deficient.
As described above, the ALJ’s findings were not consistent with Dr. Tan’s opinion, nor were adequate reasons provided by the ALJ for the dismissal of Dr. Tan’s opinion. Thus the ALJ’s failure to give good reasons for according no weight to Dr. Tan’s opinion was not harmless error. Having failed to follow its own regulations, I would remand to the Commissioner to reconsider the weight given to Dr. Tan’s treating source opinion.

. The ALJ did state in explaining her rejection of Dr. Tan's opinion that "Dr. Tan is not a psychologist or a psychiatrist and his opinions regarding the claimant’s mental function are outside his area of expertise.” Specialization is a factor to consider, however, the ALJ's treatment of Dr. Tan's capabilities appears overly simplified. That Dr. Tan is not a mental health specialist does not render him incapable of diagnosing and treating common mental illnesses such as major depressive disorder and anxiety. Dr. Tan is a family medicine specialist. According to the American Academy of Family Physicians, the “diagnosis and treatment of mental illness in the individual and family context [is an] integral compo-nen^ ] of family medicine." AM. ACAD. OF FAM. PHYS., Mental Health Care Services by Family Physicians (2001), available at www. aafp.org/onIine/en/home/policy/ policies/m/ mentalhealthcareservices.html.